Shepard v. Martin.

—————◦◦◦◦•——

### SHEPARD, Appellant, v. MARTIN & GETZENDANNER, Respondents.*

1. An affidavit in a proceeding against A. and B. under the "Act concerning landlords and tenants in the county of St. Louis," (R. C. 1845, Appendix, p. 1101,) which states a lease by plaintiff to A. and a demand of rent due of B., the person occupying the premises, is not rendered defective by reason of its not charging any privity between plaintiff and B., or by its not stating that the relations of landlord and tenant existed between the plaintiff and B. (Willi v. Peters, 11 Mo. 395, affirmed.)

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*S. A. Holmes*, for appellant.

I. The affidavit is in strict conformity to the requirements of section 3 of the act concerning landlords and tenants in the county of St. Louis. (R. C. 1845, p. 1101; Willi v. Peters, 11 Mo. 395.) It was not necessary to allege that Martin was a sub-tenant of Getzendanner.

*Knox & Kellogg*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding under the act concerning landlords and tenants in the county of St. Louis. The questions raised

† A motion for a rehearing in this cause was made by R. M. Field in behalf of defendants. The motion was overruled.

* The opinion in this case was delivered at the October term, 1856, of the Supreme Court.—[REP.

are as to the sufficiency of the affidavit, which is in the following form: " State of Missouri, county of St. Louis, ss. Elihu H. Shepard, being duly sworn, makes oath and says, that on the 17th day of March, 1846, he demised to one Solathiel Getzendanner, for a term not exceeding twenty years, a certain one story brick house situated on a lot fronting on the east side of Fourth street, in the city of St. Louis, in block No. 85 in said city, and which said lot is bounded on the west by said Fourth street, and on the south by land of said Shepard, and is the said lot heretofore leased by said Shepard of John McCausland and wife ; also one foot of ground fronting on Fourth street, in said city, and immediately adjoining the former residence of said Shepard, in block No. 85, and running back eastwardly eighty feet, bounded west by said Fourth street, and south by the north wall of the residence formerly occupied by said Shepard, together with the privilege of using the north wall of said dwelling. And affiant further says that by the term of said lease and demise, the said Getzendanner was to render and pay rent for the said brick house, one foot of ground, and the use of the said wall, at the rate of two dollars per month, payable quarterly, with the privilege to said Shepard of reëntering, if said rent reserved should not be paid within thirty days after the same became due and payable. Affiant further says that the whole of said premises are situated in the Third ward of the city of St. Louis ; that there is now actually due and payable to said Shepard, the landlord, the sum of forty-eight dollars for the rent of said premises up to the 17th day of June, 1854 ; that more than thirty days have elapsed since the same became due ; that said sum has been demanded of John L. Martin, the person occupying the said premises, and that payment thereof has not been made."

Upon appeal by the defendant from the justice of the peace, before whom the proceeding was originally commenced, to the St. Louis Land Court, the defendant, Martin, at the March term, 1855, of that court, filed his motion to dismiss the case because the affidavit did not state that the relation

of landlord and tenant existed between the plaintiff and defendant Martin, because no privity between the parties was alleged, and because the affidavit contained no sufficient description of the premises sought to be recovered. This motion the court sustained, and dismissed the cause, which action is assigned for error here.

This case is fully within the principle of the decision made by this court in the case of Willi v. Peters, 11 Mo. 396. The judgment below must therefore be reversed, and the case remanded; the other judges concurring.