ELIHU H. SHEPARD, Appellant, v. JOHN L. MARTIN, Respondent.

1. Under the act concerning Landlords and Tenants in the county of St. Louis (R. C. 1845, Appendix p. 1101), upon a failure of payment of rent the landlord is entitled to recover the premises from the person in possession, without showing that he holds under the original tenant. If found in possession, his holding under the original tenant, or intrusion on vacant premises, is presumed. (Willi v. Peters, 11 Mo. 395, affirmed.)
2. A tenant can not dispute his landlord's title.

*Appeal from St. Louis Land Court.*

For statement see opinion.

*N. Holmes*, for appellant.

I. The plaintiff's instructions correctly declared the law of the case. (Willi v. Peters, 11 Mo. 396; Shepard v. Martin, 25 Mo. 193.)

II. Getzendauner got the actual possession of the premises sued for from the plaintiff under the lease. The recording would only affect the question of title.

*Knox & Kellogg*, for respondent.

There was no privity shown between defendant Martin and plaintiff to constitute a tenancy.

. BATES, Judge, delivered the opinion of the court.

This was a proceeding under the act concerning landlords and tenants in the county of St. Louis. The case was in this court once before, and is reported in the 25th Mo., page 193. After the case was remanded to the land court, it was there tried and judgment given for the defendant, and the plaintiff brought the case here by appeal. At the trial, the plaintiff gave in evidence a lease from himself to one Getzendauner, which recited that Getzendauner had leased from McCausland a lot of ground immediately north of said Shepard's lot and residence, it being the same lot formerly leased by McCausland to Shepard, and on which Shepard erected a one-story brick house; that Getzendauner was to pay all the ground-rent of said lot to McCausland, and was desirous of using the brick house of said Shepard on said lot, and one foot of ground immediately north of said Shepard's dwelling house, and also the brick wall of said Shepard's buildings in their whole length, all of which was on said Shepard's lot. The instrument then proceeded as follows : " Now, in consideration of the rents and conditions hereinafter mentioned, said Shepard leases to said Getzendauner, or his assigns, during the time he or they may choose to occupy the same, not exceeding twenty years, the said one-story brick buildings aforesaid, and the use of the brick wall of the said Shepard's house, and the privilege of using the said one foot of ground along the north wall of the said Shepard's wall on the north side, running back from Fourth street eighty feet. In consideration of which, said Salathiel Getzendauner, of the second part, promises to pay said Elihu H. Shepard, or his legal representatives, the sum of two dollars per month, at the end of every three months, from the seventeenth day of March, eighteen hundred and forty-six."

The lease bore date the 17th of March, 1846, and was not recorded. The lease from McCausland to Getzendauner, which was given in evidence by the defendant, was of the same date.

There was evidence that Getzendauner occupied the whole premises, including the McCausland lot, (on which was the one-story house mentioned in the lease from Shepard to him,) and the one foot of Shepard's land adjoining it, and the wall of Shepard's house, and that he was followed in the possession successively by McNamee, Wood and the defendant Martin, and that Martin was in possession as a tenant of S. B. Kellogg; but how or under whom Kellogg claimed does not appear. Shepard demanded rent of Martin, which was refused. There is no evidence that, before the demand of rent, Martin had any notice of the lease from Shepard to Getzendauner. The plaintiff asked two instructions, which were refused.

"1. If the jury believe from the evidence that Salathiel Getzendauner came into possession of the premises mentioned in the lease from the plaintiff to him under that lease, and that the rent mentioned in said affidavit and complaint was due the said plaintiff under the said lease, and was demanded in writing of the said defendant Martin, as in said affidavit stated, and that said Martin was the person then in possession of said premises, they will find for the plaintiff as to so much of said premises as was not embraced in the lease given in evidence by the defendant from McCausland to said Getzendauner, dated the 17th March, 1846.

"2. If the jury believe from the evidence that Salathiel Getzendauner received the possession of the premises in question from the plaintiff under the lease to him, which was read in evidence by the plaintiff, and that said defendant was in the possession of the premises at the time the said rent was due and demanded under the said lease by the plaintiff, and that said rent was demanded in writing, as in said complaint stated, they will find for the plaintiff."

On motion of the defendant, the court gave this instruction:

"If the jury find from the evidence that Getzendauner rented the premises in question of McCausland prior to the lease from the plaintiff to said Getzendauner, that the inter-

est vested in said Getzendauner by said lease from McCausland was sold at public auction and purchased by defendant, or the person under whom defendant holds said property, then plaintiff can not recover, unless they shall further find that said lease from the plaintiff to. Getzendauner, under which the plaintiff claims, was duly acknowledged and recorded prior to said sale."

This action is for possession only, and any inquiry into title or its transmission from one to another would have been improper. This case is similar in principle to that of Willi v. Peters, 11 Mo. 396, which was affirmed in this case when formerly before this court, and reported in 25 Mo. 193. The instruction given for the defendant was erroneous in several particulars. First, it treats the whole premises as if there was evidence that they were rented of McCausland by Getzendauner prior to his lease from plaintiff, when it plainly appeared that one portion (the brick house) was on the land leased from McCausland, whilst another portion (the lot of ground of one foot front) was Shepard's own land, with which McCausland had nothing to do. Second, it treats of a title in the defendant derived from Getzendauner, (which derivation the evidence does not show to have existed,) and in effect declares that Getzendauner's lease from McCausland prior to his lease from Shepard was a defence to him and·his assignees against the plaintiff's suit. It is a kind of comparison of titles and decision in favor of the elder. It is altogether immaterial whether Getzendauner had a lease from McCausland or not. The question, so far as he is concerned, was: Is he a tenant of Shepard? If so, has he, or the person in possession, paid the rent? As to the defendant in possession, it is clear, according to the decision in the case of Willi v. Peters, it was unnecessary to show that he held under Getzendauner. Being found in possession, his holding under Getzendauner, or intrusion on vacant premises, is presumed. If Getzendauner were, in truth, the tenant of two persons for the same land or tenements, he placed himself in the position, that, upon a failure to pay rent to either

of them, he was liable to be turned out; and his tenancy under one could be no defence to a suit by the other.

The instructions prayed by the plaintiff should have been given. In the first, he concedes to the defendant even more than he was entitled to in respect to the brick house on the McCausland lot; but from the evidence I suppose that to be practically of no importance.

If there be a disputed title as to the one foot of ground, there are other means of trying that question. It can not be done in this case.

All the judges concurring, the judgment is reversed and cause remanded.