SANFORD B. KELLOGG, Appellant, *v.* JAMES MULLEN, Respondent.

*Limitations — Estate Outstanding — Adverse Possession.*—Where both parties claim under the same grantor, a prior lease by the grantor for a term of years prevents the running of the statute of limitations; the possession of the tenant is not adverse. B. in 1847 conveyed premises to W., a lease for twenty years (expiring in 1857) then outstanding, and the tenant in possession. In 1851 B. leased to M. an adjoining lot, under which lease M. entered upon part of the premises granted to W. and held possession. *Held,* that the possession of M. if he entered prior to the end of the term of twenty years, was not adverse to the landlord and his grantee W. until the term expired.

*Appeal from St. Louis Land Court.*

Suit in ejectment, brought September 13, 1861, to recover a small strip of land in block 53 of the city of St. Louis, described as fronting four feet six inches on Third street by one hundred and sixty feet deep, being part of a larger lot of thirty-two feet, bounded north by line of Simont and south by grantor, taken from the south side thereof.

The answer admitted possession in defendant as lessee of O'Flaherty, and set up adverse possession in O'Flaherty and those under whom he claimed for twenty years prior to the commencement of the suit.

Plaintiff and O'Flaherty claimed title under a common grantor, one Pelagie Boyer, afterwards LaForce. The deed from Pelagie Boyer to Thomas White, under which plaintiff claimed title, was dated 27th November, 1847; the deed to O'Flaherty from Pelagie LaForce was dated Jan. 10, 1851.

At the time of the conveyance to White, November 27, 1847, there was an outstanding lease from Boyer to one Didelon for the house covering the strip of land sued for, which lease expired April, 1857, when defendant Mullen took possession of said house under O'Flaherty.

The location of plaintiff's lot, in the deed from Pelagie Boyer to White, directly south of one Simont, described as fronting thirty-two feet on Third street by one hundred and sixty feet deep, bounded on the north by Simont and on the

south by land of said Boyer the grantor, and embraced four feet some inches, covered by an old brick house.

On the trial of the cause, March 28, 1865, F. Chénot, one of plaintiff's witnesses, testified that he lives "on Third street, on Simont's property; he is my father-in-law; I have lived there nineteen years. The buildings and fence on the property in dispute for the last nineteen years have been the same as now; the buildings were built before that—are little old buildings, and there has been no change to my knowledge. Pelagie Boyer is the same person as Pelagie LaForce; she once lived in the little frame house on the north side of the lot of Kellogg, in front, some twenty years since. Mrs. Boyer or LaForce made a lease to Ratineau and Didelon twenty years ago, of said premises, for a long time, say fifteen or twenty years, and at the expiration of the lease James Mullen, the defendant, leased the property of O'Flaherty: this was in April, 1857."

Cross-examination. "Simont's possession is sixty feet, French measure. The value of this lot per foot a year is five or six dollars. The brick house fronts about twenty feet on Third street."

Re-examination. "Kellogg is a little on my land according to the survey."

The court gave the following instruction for the plaintiff: "If the jury believe from the evidence that on the 27th day of November, 1847, Pelagie Boyer was the owner of sixty feet of ground, French measure, fronting on Third street between Poplar and Plum streets, bounded on the north by ground of Simons or Simont, and on that day conveyed thirty-two feet of said ground the northern boundary of which was on ground of Simons or Simont, and that subsequently to said 27th day of November the said Boyer conveyed to defendant, or to those under whom he claims, her interest in said sixty feet, such conveyance was effective to convey only so much of said ground as remained after deducting the thirty-two feet conveyed to White bounded on the north by Simont."

The court gave the following instruction asked by the defendant: "If the jury believe from the evidence that the defendants and those under whom they claim have been in the continuous, uninterrupted and adverse possession of the property, to recover which this suit is brought, for more than ten consecutive years prior to the 14th day of September, 1861, the date of the commencement of this suit, they will find for the defendant." To the giving of which plaintiff at the time excepted.

On motion of the plaintiff, the court refused the following instruction: "Possession to be adverse must be open and notorious, and the possession of a common grantor cannot be adverse as between grantees until the lines are run or actual claim asserted."

*Kellogg* with *Knox & Smith*, for appellant.

I. There was no adverse possession of ten years established; there was no evidence to warrant the instruction given on motion of respondent.

Pelagie Boyer was the person under whom both parties claim title. Before executing any conveyance of the fee, Pelagie Boyer executed a lease to Ratineau and Didelon for the premises in question, which lease expired in 1857. Four feet seven inches of the house occupied by respondent was on the lot conveyed by P. Boyer to the party under whom appellant claims title. The tenants under such lease held possession of the premises until the year 1857. In no sense could such possession be said to be adverse to appellant.

II. The instruction given on motion of respondent is faulty and defective for other reasons than those above assigned—33 Mo. 172; 32 Mo. 553; 30 Mo. 99; 25 Mo. 197; 23 Mo. 331.

III. The instructions asked by appellant should have been given—Knowlton v. Smith, 36 Mo. 507.

HOLMES, Judge, delivered the opinion of the court.

The decision of the case turns upon the question of adverse possession. Both parties claim under a common grant-

or. The deeds from this grantor convey adjoining lots. The plaintiff claims one of the lots under a deed made in 1847. The defendant claims as the lessee of the grantee under a deed of the other lot made in 1851. At the time of the first deed there was an outstanding lease from the same grantee covering the premises in dispute for a term of twenty years, which expired in 1857. The defendant then took possession of the premises under his lease from the grantee in the second deed of 1851.

It is plain that there could be no adverse possession of these premises until after the expiration of the lease for twenty years under which the possession was held. If the defendant had entered before that time he would have been considered as having entered under the tenant holding under that lease or as a mere intruder, and then as against the landlord and those holding under him he would have been treated as having got the possession from such tenant—Willi v. Peters, 11 Mo. 396 ; Shepard v. Martin, 31 Mo. 492. If he entered after the expiration of that lease, and under his lease from the grantee in the deed of 1851, then the statute of limitations had not run against the plaintiff for ten years before the suit commenced.

The instruction refused for the plaintiff should have been given. The instruction given for the defendant was not warranted by the evidence before the jury.

Judgment reversed and the cause remanded. The other judges concur.